Mr. Bobby G. Wood, Chairman Commission on Institutional and Community Development State Capitol, Room 315 Little Rock, Arkansas 72201
Dear Mr. Wood:
This is in response to your request for an opinion concerning regulations adopted by the Commission on Institutional and Community Development (Commission). Your letter provides that the Commission published notice beginning on August 3, 1997, of its intention to adopt regulations. You state that during the public comment period, the Commission received suggestions for changes in the proposed regulations. You further state that the Commission held an open public meeting on September 17 and adopted the proposed regulations including some of the suggested changes. In light of the foregoing situation, you have presented the following request:
 Please provide me with your official opinion as to whether the adoption of the regulations at the September 17 meeting was proper or whether, since the initial draft of the regulations was modified at the September 17 meeting, that necessitated another notice and public comment period prior to the final adoption of the regulations by the Commission.
Generally, the mere fact that proposed regulations are modified during the public comment period does not automatically require an additional "notice and public comment period" prior to the final adoption of the regulations. See generally Rybachek v. E.P.A. 904 F.2d 1276 (9th Cir. 1990); Petition of Dept. of Public Service, 632 A.2d 1373 (Vt. 1993). It is, however, my opinion that whether the Commission's adoption of regulations was valid will ultimately depend upon the notice originally published and the extent of the changes to the proposed regulations.
A state commission generally must adopt regulations in accordance with the Arkansas Administrative Procedure Act (APA), which is codified at A.C.A. § 25-15-201 to -214. Arkansas Code Annotated § 25-15-204, as amended by Act 406 of 1997, provides in part:
 (a) Prior to the adoption, amendment, or repeal of any rule, the agency shall:
(1) Give at least thirty (30) days' notice of its intended action. . . .
 (A) The notice shall include a statement of the terms or substance of the intended action, or a description of the subjects and issues involved, and the time, the place where, and the manner in which interested persons may present their views thereon. . . .
 (2) Afford all interested persons reasonable opportunity to submit written data, views, or arguments, orally or in writing. . . . The agency shall fully consider all written and oral submissions respecting the proposed rule before finalizing the language of the proposed rule and filing the proposed rule as required by § 25-15-204(d). . . .
It has been stated that informed changes and distinctions are the veryraison d'etre of the notice-and-comment period. See Rybachek, supra. This principle is recognized in Act 406 of 1997 which amended § 25-15-204(a)(2) by adding the phrase "the agency shall fully consider all written and oral submissions respecting the proposed rule before finalizing the language of the proposed rule."[1] Further, it has been recognized that if a final rule could not differ from a proposed rule without a new round of notice and comment, it would result in the absurdity that in rule making under the APA the agency could learn from comments on its proposals only at the peril of starting a new procedural round of commentary. See Annotation, What Constitutes Adequate Notice of FederalAgency Rule as against Objection that Rule Adopted Differed in Substancefrom that Published as Proposed in Notice, 96 A.L.R.Fed. 411 (1990);Tenn. Envtl. Council v. Solid Waste Disposal Control Bd., 852 S.W.2d 893
(Tenn.Ct.App. 1992) (unreasonable and inefficient to require an agency to publish the exact text of a proposed rule in order to obtain public reaction thereto and then require a republication and rehearing for every alteration made before final adoption). Consequently, the critical issue is to what extent proposed rules may be amended after the notice and public comment period.
Although there is no helpful Arkansas case law regarding this issue, federal case law concerning the sufficiency of notice with regard to rules amended after public comment is helpful. The Federal Administrative Procedure Act requires in part that notice shall include "either the terms or substance of the proposed rule or a description of the subjects and issues involved." 5 U.S.C.S. § 553(b)(3). Similarly, the Arkansas APA requires in part that notice shall include "a statement of the terms or substance of the intended action, or a description of the subjects and issues involved." A.C.A. § 25-15-204(a)(1)(A). The federal courts have generally cited two tests in determining whether an agency's rule is so different from the proposed rule that a new notice and comment period is required: a new comment period is not required if (1) the final rule is in character with the original scheme and was a logical outgrowth of the notice and comments stemming from the proposed rule, or (2) the notice fairly apprised interested persons of the subject and the issues that would be considered so that those person had an opportunity to comment.See Annotation, 96 A.L.R.Fed. 411; see also Brazos Elec. Power Co-Op. v.SWPA, 819 F.2d 537 (5th Cir. 1987). Accordingly, in order to determine if the Commission's regulations are valid, the notice originally published and the regulations as adopted must be examined in light of the foregoing principles.
Finally, A.C.A. § 10-3-309 (Repl. 1996) must also be considered. Section 10-3-309(e)(1)(A) provides:
 Before any rule or regulation of any agency of the state may be revised, promulgated, amended, or changed, a copy of the rule or amendment to existing rules and a financial impact statement shall be filed with the Arkansas Legislative Council, at least thirty (30) days before the expiration of the period for public comment on the rule, pursuant to the Arkansas Administrative Procedure Act, as amended, § 25-15-201 et seq., or other acts pertaining to the rule-making authority of that agency.
It is my opinion that the purpose of this provision is to ensure that the Bureau of Legislative Research of the Legislative Council has an adequate opportunity to review proposed regulations. With regard to regulations amended after the initial filing with the Legislative Council, it is my opinion that if a new notice and public comment period is not required under the APA, then no additional comment period is required pursuant to § 10-3-309(e). This conclusion is supported by A.C.A. § 10-3-309(b) which contemplates that proposed regulations will be amended after the initial filing of the regulation. Section 10-3-309(b) provides: "Whenever a state agency shall finalize the promulgation of a rule or regulation or a revision, amendment, or change in such regulation, a copy shall be filed with the Bureau of Legislative Research if the rule or regulation contains any changes from the initial filing of the rule or regulation."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] The legislative intent is also indicated by the subtitle of Act 406 which provides: "To require agencies to fully consider comments concerning proposed rules prior to adopting the final form of the rule."